## GEM CITY BLDG & LOAN ASSN v JACOBS et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1425. Decided March 10, 1937

McMahon, Corwin, Landis & Markham, Dayton, for appellant.

A. K. Meck, Dayton, for the Jacobs.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in behalf of the plaintiff against the Jacobses whom we hereinafter refer to as the defendants, in the sum of $3351.60, with interest.

This is the second time that this case has come to this court for review. The original petition was in the usual form of first cause of action for money judgment and second cause of action for foreclosure of mortgage on real estate securing the note sued on in the first cause of action. To this petition the Jacobses filed an answer in which, for want of information, they deny the amount claimed to be due on the note and further aver that they and the plaintiff "entered into an agreement to cancel said note and mortgage and these defendants have kept and performed their part of said agreement insofar as the plaintiff would allow them to do so. The plaintiff, however, has failed and refused to keep its part of said agreement. By reason thereof said note and mortgage are not a valid obligation against these defendants or either of them and both the note and mortgage have been superseded by the agreement referred to herein."

The prayer was that the plaintiff's petition be dismissed and for costs.

The reply of the plaintiff association, after denying that they entered into an agreement to cancel the note and mortgage sued upon says:

"that there were negotiations had between plaintiff and answering defendants as to the cancellation of said note and mortgage upon condition that an application made by said defendants to The Home Owners' Loan Corporation would be approved for a sufficient sum to pay plaintiff's note and mortgage; that upon an appraisal of said real estate, said Home Owner's Loan Corporation would not loan a sufficient sum to pay said note and mortgage, either in bonds or by conversion of the bonds into stock of the association through an escrow agent and plaintiff rejected said offer and notified defendants of such rejection."

Upon the issues thus drawn the cause was submitted to Judge White of the Common Pleas Court without a jury. Upon request the court made separate findings of fact and law, found against the defendants and entered money judgment for the plaintiff and a decree of foreclosure.

The court in the finding of facts determined that there was an agreement entered into between the parties substantially as averred in their answer and that certain things were done by the parties pursuant thereto but that no tender was made by defendants of the H.O.L.C. bonds or cash and accounts of the plaintiff to equal a balance on the mortgage account due within sixty days from January 19, 1934. The court found that the H.O.L.C. allowed the loan and was ready, able and willing to exchange its bonds in the sum of $1776.00 as a loan on the property provided the plaintiff but release its mortgage and the defendants did nothing whatever to prevent the carrying out of this contract, but that the plaintiff, through its general manager, declined on March 22, 1934, to carry out the terms of the contract, and that upon this date more than sixty days had elapsed from the signing of the consent of the plaintiff to accept the benefits of the executory contract.

The court also found that the Superintendent of Building and Loans of Ohio had promulgated a rule, No. III, and sent it to the plaintiff association providing:

"No association will be permitted to use the bonds or the proceeds thereof to directly or indirectly purchase their own shares of deposit accounts."

The court then, without reference to any findings of fact have the one which related to Rule III, determined as a matter of law that Rule III prevented the plaintiff association from carrying out the terms of the agreement by it to be performed.

The record supported the conclusion that the only reason that the plaintiff association did not go through with its contract was because of its interpretation of Rule III. This was conclusively shown by the testimony of Mr. Stockstill, Secretary of the plaintiff association, from whose testimony we quoted in our former opinion.

In reversing the judgment and remanding the cause for new trial we called attention to the fact that there was a very serious question whether or not the loan association had the right, under its reply, to invoke the defense of Rule III against the contract set up in the answer. We also found that the one certainty in a very uncertain record was the fact that but for the refusal of the plaintiff association to go through with its agreement the contract would have been carried out according to its terms. This was in accord

with the express testimony of Mr. Stock-still, which was undenied in the record. In other words, the defense set up in the reply was not the defense which was made upon the trial and upon which the court predicated its judgment. We held that Rule III did not affect the right of the plaintiff to observe its obligations under the contract with the defendants. Concluding our opinion we said:

"Whether or not the Jacobs in equity are entitled, under all the facts which may develop on a new trial, to cancellation and surrender of their note and mortgage, we do not say. Determination of this question will be for the trial court in the light of developments, if the Jacobs make the requisite proof under their answer, but if it appears at that time that the parties cannot go through with their agreement because of inability to secure the loan from the H.O.L.C., then the action must proceed as one for damages."

The cause came on the second time for trial and the record discloses that the proof was substantially the same as in the former trial. No amendment to the pleadings was made by either party. A jury was impaneled and the case was presented upon the first cause of action. Rule III of the Superintendent of Building and Loans was again offered. Towards the conclusion of the cause, probably at the suggestion of the trial judge, the rules and by-laws of the plaintiff association were offered and the court took the position that the secretary was without authority to bind the association to the agreement set up in the answer. The court was also of the opinion that if the defendant had any rights under their answer they should proceed at law for money damages and that the note should not be cancelled as prayed. Thereupon a special verdict was submitted to the jury, a return of which would require a judgment for the plaintiff and a special verdict requested by the defendant was not permitted to go to the jury. The special verdict which was submitted, signed by all the jurors, was returned on June 25, 1936. Thereafter, on the next day the defendants filed their motion for new trial and on the same day the plaintiff moved for judgment, which motion was on the same day sustained and a finding made on the special verdict that the plaintiff was entitled to recover from the defendants in the sum of $3351.60, with interest. This entry provided that the defendants were to be given three days in which to file a motion for new trial and on the 27th of June the defendants filed a second motion for new trial, consisting of six grounds. On June 30 the second motion for new trial was overruled and judgment entered on the finding for the plaintiffs. We remark here that this procedure, in our judgment, was proper. Notice of appeal was duly filed within time.

There are eleven assignments of error which we will not discuss in detail inasmuch as the claimed errors may be grouped under more restricted number. The trial judge took the view that the defendants had not sustained the proof which was incumbent upon them under their answer and particularly that it did not appear that the secretary of the plaintiff association with whom the testimony discloses the contract, if any made, was entered into on behalf of the association was authorized to bind the association and finally that if the defendant had a cause of action it was at law and should proceed as for damages and not to prevent judgment for the plaintiffs on their note, the subject of the first cause of action in its petition.

Counsel for defendant urged that the law of the case had been established relying upon statements which we had made in our former opinion respecting the effect of the averments of the reply.

Each case must rest upon its peculiar facts and it should be kept in mind that as the former case came to us the trial judge had made findings of fact that there was a contract between the parties substantially as claimed by the defendants, that it had not been carried through because of the failure of the plaintiffs to make tender of the cash and bonds required by them to be procured but particularly and as a conclusion of law relying only upon the effect of Rule III.

In the former trial there was no attempt on the part of the plaintiff to rely upon the general denial in its reply. On the contrary the case was presented in the trial court and in our court without any suggestion that the authority of the secretary of the association to bind it to the contract claimed by the defendants was questioned. Then upon the findings of fact of the trial court to which no error had been prosecuted by the plaintiff it was proper that we should consider the affirmative averments of the reply, which we held, under the circumstances, to be tantamount to an admission that the plaintiffs had entered into a contract with

the defendants. We did not discuss the effect of the general denial in the reply because it was not invoked nor were we required to consider it.

When the instant cause came on for trial eventually the plaintiff urged the benefit of the general denial and relied upon it. In this situation, we can not say that the trial court was in error either in determining that the defendants had failed to make their case generally or that they had not shown, as they were obliged to do, that the secretary of the plaintiff association had authority to bind the plaintiff to the contract asserted in the answer.

As the record stood at the time when the cause was submitted to the jury there was nothing in it touching the ▮▮▮▮▮▮▮▮ ▮ authority of the secretary save the rules and regulations of the plaintiff association. Under the letter of this document prescribing the duties of the secretary, it clearly appeared that he had no authority to enter into the contract claimed by the defendants on behalf of the association. There was nothing forthcoming to indicate any action which would clothe him with such authority nor any conduct which would bind the association to concede that he had such authority.

Then too, an examination of this record is not convincing that the defendants carried the obligation of proof that the H.O.L.C. was ready to go through with the loan to them. One question intending to elicit this evidence is found at page 27 on examination in chief of Mr. Jacobs:

"Q. When did you hear from the Home Owners Loan Corporation or when did you talk with any of them?

A. I waited about four or five days approximately and I went into the Home Owners Loan Office and asked them myself if any loan was granted. I wanted to make sure myself and they said 'Your loan is one hundred percent ready to go through any time—

MR. LANDIS: We object.

THE COURT: Sustain the objection.

MR. LANDIS: I move the answer be stricken.

THE COURT: It may be stricken out and the jury is instructed to disregard the last answer of the witness.

MR. MECK: Save exceptions."

This testimony in the form proffered was properly excluded for two reasons. First, because of the manner of proof. The proper form of testimony to establish what the H.O.L.C. was ready to do respecting the loan was by the direct statement of someone authorized to speak for the corporation. Secondly, if the testimony sought to be offered had been competent it was too indefinite in that there was no identification of the person who talked to Mr. Jacobs so that what he said would be binding upon the H.O.L.C. If proffered in the right form we are of opinion that it would have been admissible because it was one of the elements of proof essential to the case of the defendants that they show that the H.O.L.C. was ready to advance the money by way of loan to them.

We indicated in our former opinion that the trend of proof in a subsequent trial of the cause might convince a judge sitting as a chancellor that equitable relief of cancellation or rescission should not be granted to the defendants; that if this situation developed the cause would properly proceed as one for damages. There was no attempt at any time to amend the pleadings and no insistence upon this right by the defendants.

An examination of this record is convincing as was the first record, that the compelling reason why the plaintiff association did not go through with their tentative arrangement with the defendants was because of Rule III. However, this does not require the plaintiff association to waive its right to put the ▮▮▮▮▮▮ ▮ plaintiffs on their proof as to material averments of their answer. Having done so and having insisted upon this proof, we are of opinion that the obligation has not been met and that the trial court committed no error in the action taken. The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 30, 1937

By THE COURT

Submitted on application for rehearing.

In support thereof it is asserted that the court misconceived the reasons actuating the trial judge in directing the verdict for the plaintiff. If it be conceded that the statements in the application are correct no sufficient reason appears for reversing the decision heretofore released. We are satisfied that counsel for the defendants in argument on the case on its

merits urged that the trial court by reason of his opinion was responsible for the proof touching the lack of authority of the secretary of the plaintiff to bind the plaintiff to the contract asserted in the answer and that in part, at least, the failure of proof of such authority prompted the action taken.

"A reviewing court does not look to the reasons given for the judgment below but does look to see if, upon the whole record presented substantial justice has been done or the proper judgment entered." Weaver v Ry. Co., 76 Oh St 164; State v Dickerson, 77 Oh St 34; Niemes v Niemes et, 97 Oh St 145.

Upon the whole record, we are required to say that a proper judgment was entered under the law.

The application for rehearing will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.